UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK M. JUSTIN,<br><br>        Plaintiff,<br><br>v.<br><br>SHAWNTAE HARRIS-DUPART,<br><br>        Defendant. | Case No. 25-cv-03714-LJC<br><br>**ORDER TO SHOW CAUSE WHY APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AND COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2 |

### A. Application to Proceed in Forma Pauperis

Plaintiff Malik Justin, pro se, has applied to proceed in forma pauperis. ECF No. 2. Justin responded either "No" or "N/A" to every question that he answered on his application form, indicating that he has no assets or income of any kind. Justin did not respond to questions 8 through 10, inquiring about his expenses, debts, and related cases. Justin's application is therefore incomplete, and taken as a whole, it does not include sufficient information to determine whether the answers that he actually provided are credible. Justin is therefore ORDERED TO SHOW CAUSE why his application to proceed in forma pauperis should not be denied, by filing a response no later than May 21, 2025 answering each question on the form application and—if he truly has no assets or income at all—explaining how he meets basic needs.

### B. Sufficiency of Complaint

As Justin likely knows from other cases he has filed in this district, the next step (if the Court grants his application to proceed in forma pauperis) would be for the Court to review his Complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it states a claim on which relief may be granted. *See, e.g.*, *Justin v. Real Options for City Kids*, 24-cv-03309-AMO, ECF No. 6 (N.D. Cal. June 21, 2024).

1  When the complaint has been filed by a pro se plaintiff, a court must "construe the
2  pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627
3  F.3d 338, 342 (9th Cir. 2010) (citation omitted).  But "[t]hreadbare recitals of the elements of a
4  cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere
5  conclusory statements."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  The factual
6  allegations in the complaint "must be enough to raise a right to relief above the speculative level."
7  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must demonstrate "facial
8  plausibility" by pleading "factual content that allows the court to draw the reasonable inference
9  that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In other words,
10  the Complaint needs to include *facts*, not just the type of legal claim the plaintiff asserts.

11  Justin's first claim, for patent infringement in violation of 25 U.S.C. § 271, reads in its
12  entirety as follows: "Infriment of Patent Invention actively novelty making sells mucis."  Compl.
13  (ECF No. 1) at 5 (all spelling as in original).  In his demand for relief, Justin wrote: "results of the
14  issue handle."  Compl. at 7.  Justin offers no factual allegations of any kind to support his claim.
15  If Justin wishes to proceed with his claim, he must file an amended complaint that states the facts
16  of his claim, including (but not necessarily limited to) what if any patent Justin owns, and what he
17  believes Defendant Shawtae Harris Dupart did to infringe that patent.  Justin is therefore
18  ORDERED TO SHOW CAUSE why, if his application to proceed in forma pauperis is granted,
19  his Complaint should not be dismissed for failure to state a claim on which relief may be granted,
20  by filing a response or amended complaint no later than May 21, 2025.

21  **C.     Conclusion**
22  Justin must file no later than May 21, 2025: (1) a response answering the missing questions
23  on his application to proceed in forma pauperis and explaining how he meets basic needs; and
24  (2) either an amended complaint stating the facts supporting his claim, or a response arguing why
25  his current Complaint is sufficient.  An amended complaint would completely replace Justin's
26  current Complaint, and therefore must include all of the facts that he would like to allege and
27  claims he would like to pursue, without reference to the current Complaint.
28  If Justin's response does not correct the defects identified in this Order, the undersigned

magistrate judge will recommend either denial of his application to proceed in forma pauperis or dismissal of his Complaint. If Justin does not respond at all, the undersigned may recommend dismissal of the case for failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 30, 2025

LISA J. CISNEROS
United States Magistrate Judge

3